UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

AntennaSys, Inc.

   v.                             Case No. 17-cv-105-PB
                                    Opinion No. 2019 DNH 002
AQYR Technologies, Inc. and
Windmill International, Inc.

## MEMORANDUM OF DECISION

I previously denied AntennaSys' motion to strike AQYR's amended answer in a margin order. In this memorandum, I further explain my reasoning.

The amended answer asserts a new affirmative defense in which AQYR claims that the '868 patent is invalid. Although the amended answer was timely filed, it was not preceded by the disclosure of preliminary invalidity contentions, which is required by SPR 5.1(c).[1] AntennaSys cites this failure as one of two arguments in support of its motion to strike.

I am not persuaded that AQYR's failure to comply with SPR 5.1(c) bars it from presenting its invalidity defense. Our local rules do not specify the sanction that follows from a failure to comply with SPR 5.1(c). Nor do the rules expressly identify the test that should be used to evaluate a claim that a

---

[1] AQYR filed its amended answer without first seeking either the consent of AntennaSys or the approval of the court as is required by Fed. R. Civ. P. 15(a)(2).

failure to comply with SPR 5.1(c) should be excused.[2] In the absence of a specified standard against which to judge a failure to make a required initial disclosure under the Special Patent Rules, I look to the rule of civil procedure that addresses a failure to make initial disclosures required by Fed. R. Civ. P. 26(a) for a useful analogy. That rule provides that a failure to make a required initial disclosure will not bar the use of the undisclosed information if the failure to disclose the information "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). I apply the same standard in determining whether AQYR's failure to make invalidity disclosures should bar it from asserting an invalidity defense.

In the present case, I am satisfied that AQYR's late disclosure of its invalidity contentions should not bar it from proceeding with its affirmative defense because its noncompliance with SPR 5.1(c) was harmless. Although AQYR did not timely disclose its preliminary invalidity contentions, it did notify AntennaSys of its contention that the '868 patent was invalid when it made its preliminary claim construction

---

[2] The Special Patent Rules contemplate that a party may need to supplement initial invalidity disclosures in its final disclosures after the court issues its claim construction order. See SPR 7.1(b). The rules expressly require such additional disclosures to be justified by "good cause" but only "[t]o the extent that the final invalidity contentions identify additional prior art . . . ."

disclosures on April 26, 2017.  Doc. No. 38-2.  AntennaSys has not presented a persuasive argument that it was unfairly prejudiced by AQYR's late disclosure.  Nor does it present any evidence to suggest that AQYR deliberately delayed its disclosure in an effort to obtain a tactical advantage.  Accordingly, I do not find that AQYR should be barred from proceeding with its invalidity claim based on its failure to comply with SPR 5.1(c).

In a more substantive effort to prevent AQYR from claiming that the '868 patent is invalid, AntennaSys also invokes the assignor estoppel doctrine.  This equitable doctrine prevents the assignor of a patent and someone in privity with the assignor from claiming that the assigned patent is invalid.  <u>See generally</u>, [MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc., 816 F.3d 1374, 1379-80 (Fed. Cir. 2016)](#).  Whether assignor estoppel applies in this case is a complex legal and factual question that has not been adequately briefed.  Accordingly, I decline to address the issue now without prejudice to AntennaSys' right to raise the issue at a later date in a properly supported motion for summary judgment.

AntennaSys' motion to strike is denied.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

January 3, 2019

cc: Kathleen M. Mahan, Esq.
    Steven J. Grossman, Esq.
    Arnold Rosenblatt, Esq.
    David K. Pinsonneault, Esq.
    Eric G. J. Kaviar, Esq.
    Laura L. Carroll, Esq.