```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE
```

**AntennaSys, Inc.**

    **v.**                                     Case No. 17-cv-105-PB
                                             Opinion No. 2019 DNH 022

**AQYR Technologies, Inc. and**
**Windmill International, Inc.**

## ORDER

    AntennaSys, Inc. moves this Court to partially reconsider its December 27, 2018, Markman order with respect to the claim language "configured to be stowed and deployed." I deny that motion.

    First, AntennaSys argues that I misapplied the doctrines of disavowal and disclaimer by applying an incorrect legal standard. See Doc. No. 50-1 at 3. But I did not apply either doctrine to the disputed term. Rather, I construed an otherwise ambiguous claim term and relied on the line of Federal Circuit cases that distinguishes "a proper use of the specification as a source of meaning from an improper use of the specification to read into a claim a limitation that it does not contain." See Doc. No. 48 ("Order") at 17-18 (citing Liebel-Flarsheim Co. v. Medrad, Inc., 358 F.3d 898, 904 (Fed. Cir. 2004)). As the Federal Circuit recently noted in Cave Consulting Grp., LLC v. OptumInsight, Inc., 725 F. App'x 988 (Fed. Cir. 2018), cert. denied, No. 18-590, 2019 WL 113173 (U.S. Jan. 7, 2019), "'[o]ur case law does not require explicit redefinition or disavowal' when *the description itself* is affirmatively limiting." Id. at 995 (quoting Trs. of Columbia Univ. in City of N.Y. v. Symantec Corp., 811 F.3d 1359, 1363 (Fed. Cir.

2016)) (emphasis in the original).  The attempt to distinguish Retractable Techs., Inc. v. Becton, Dickinson & Co., 653 F.3d 1296 (Fed. Cir. 2011) is similarly unconvincing because it merely restates arguments I have already chosen to reject and mistakenly imports an inapplicable disclaimer gloss on the Federal Circuit's decision.

Second, AntennaSys submits that the specification, properly read, does not limit the claim language.  It rests an argument on method claim 6 and dependent claim 8.  See Doc. No. 501 at 8-9.  Neither claim, however, relates to "stowing" or "deploying."  Nor does the language at 8:51-56 and 9:32-34 change my analysis, since both sections contemplate the apparatus "collaps[ing]" into itself without disconnecting the components.  See '868 Patent at 9:34, 35-37.  I remain unconvinced that the patent specification contemplates stowing the device in a disassembled state.

AntennaSys's motion for partial reconsideration of the Court's December 27, 2018, order (Doc. No. 50) is **DENIED.**

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

February 5, 2019

cc:  Kathleen M. Mahan, Esq.
Steven J. Grossman, Esq.
Arnold Rosenblatt, Esq.
David K. Pinsonneault, Esq.
Eric G. J. Kaviar, Esq.
Laura L. Carroll, Esq.